RUTLAND,
*February,*
1841.

Dassance
*v.*
Gates.

MARTIN DASSANCE, *qui tam, v.* JACOB W. GATES.

The statute, giving a penalty against a highway surveyor for not clearing the road of obstructions, to be recovered by any one who will prosecute for the same, does require that the authority, issuing the writ, shall make a minute of the day, month, and year, on which the same issues.

If such minute be not made the suit will be *dismissed, on motion.*

THIS was a *qui tam* action, to recover of the defendant, who was highway surveyor, in Wallingford, the sum of ten dollars, for not removing obstructions in the highway.

The action was founded upon the eighth section of the act, relating to making, repairing, and clearing highways, passed March 3, 1797, (Comp. St. p. 430) by which it is enacted that highway surveyors, who, after being requested, &c. shall neglect to remove obstructions, &c. shall forfeit and pay the sum of ten dollars, one moiety to the treasurer of the town and the other moiety to any person who prosecutes the same to effect.

The defendant moved to dismiss the suit, because the magistrate, who signed the writ, did not, at the time of signing, make a minute or indorsment thereon of the true day, month and year when the same was exhibited before, and signed by him.

The county court sustained the motion, and dismissed the suit, and the plaintiff excepted to the decision.

*E. F. Hodges,* for plaintiff.

The plaintiff contends that the case at bar is within the act of 1808, (No. 4. chap. 39.) and that the indorsement of the justice was not necessary.

1. Because the statute, upon which the suit was brought, is strictly " a penal statute." The words used are, " he shall forfeit and pay,"—and indeed it has every feature of a penal statute. " Whatever may be the form of the action, if it is founded entirely upon the statute and the object of it is to recover a penalty, or forfeiture, it is a penal action." *Hubbell* v. *Gale,* 3 Vt. R. 270.

2. Because the statute, upon which this suit is brought, gives the penalty, part to the treasurer of the town, and part to the person complaining, who, in this case, is the "party aggrieved." Stat. p. 430. sec. 8.

1. It is not necessary, for the purposes of bringing this action within the act of 1808, that the words of the statute, upon which it is brought, should exactly agree with that act. *Hall* v. *Adams*, 1. Aik. 62. Stat. p. 506.

2. In this case the plaintiff avers that he *was* injured by the *nonfeasance* of the defendant. The statute of 1808 is explanatory of the 5th section of the statute of limitations, and is to be construed liberally and according to the intent of the framers.

The only case that can be relied upon as an authority against us, is *Hubbell* v. *Gale*, 3 Vt. R. 270. But, it will be seen that, in that case, the statute gives the whole *penalty* to the person who sues for it, and in this respect, the only important provision of the act of 1808 is wanting.

The case at bar is in no respect different in principle from *Hall* v. *Adams*, 1 Aik. 62, and *Denton et al* v. *Crook* Brayton's R. 188.

*H. Button*, for defendant.

The prosecution, in this case, is strictly a *qui tam*, or popular action, in its nature penal, and the defendant, in order to recover, must see that all the requirements of the statute, relating to suits of this character, are literally complied with.

The present case comes clearly within the letter of the statute for the limitation of suits on penal statutes, criminal prosecutions and actions at law, and is void for the want of an indorsement on the original writ, under the official signature of the magistrate, of the true day, month and year when the same was exhibited to and signed by him. Statute, p. 288, sec. 1, 2 and 5. *Hubbell* v. *Gale*, 3 Vt. R. 266.

There is, therefore, no error in the judgment of the county court.

The opinion of the court was delivered by

REDFIELD J.—We think this suit was correctly dismissed. The action is obviously for a penalty. The words of the statute are, "shall forfeit and pay the sum of ten dollars." This penalty is not given to the party aggrieved, nor in lieu of damages by him sustained. For the town and the surveyor are equally liable for damages, (if any occur) whether the penalty is recovered or not. The penalty is expressly given to

the town treasurer, for certain specified purposes, and to the prosecutor. It is not made essential that the prosecutor should have been injured by the defendant's neglect, or, indeed, that any one should have been so injured. This is a much clearer case of penalty than that of *Hubbell* v. *Gale*, 3 Vt. R. 270. And it can, in no sense, be brought within the exception of *Hall* v. *Adams*, 1 Aiken 62.

Judgment affirmed.